# Hurley et al., Appellants, *v.* Edward E. Rieck Company.

*Negligence—Master and servant—Minor plaintiff—Instructions
—Act on master's judgment—Open wagon—Manifest dangers—As-
sumption of risk.*

1. In an action by a sixteen-year-old plaintiff against his em-
ployer to recover damages for injuries received in a fall from an
ice cream wagon on which he was working, a nonsuit was properly
entered where the only negligence alleged was in putting plaintiff
to work in a wagon with open sides without instructions as to
dangers of the situation; where it appeared that the plaintiff was
well developed both physically and mentally; that the accident
occurred while the wagon was being driven in the usual way along
the street, and that the incidental dangers of plaintiff's situation
were patent, did not present a hazard which an ordinarily prudent
person would hesitate to accept, and were fully appreciated by the
plaintiff.

2. In such case plaintiff needed no instructions; nor can he be
heard to say that he acted on his employer's judgment, rather than
his own.

*Practice, Supreme Court—Failure to bring up exhibit—Pre-
sumption.*

3. When an appellant fails to bring up an item of evidence used
in the trial court, which is capable of reproduction, the appellate
court will assume that, if the omitted evidence were in the record,
it would support the judgment of the court below.

Argued Oct. 25, 1916.    Appeal, No. 188, Oct. T., 1916, by plaintiffs, from final order of C. P. Allegheny Co., Jan. T., 1916, No. 481, refusing to take off nonsuit in case of Michael Hurley, a minor, by his father and next friend, Timothy Hurley, and Timothy Hurley, in his own right v. Edward E. Rieck Company. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, P. J.

The facts appear by the opinion of the Supreme Court.

At the close of the plaintiffs' case the court entered a compulsory nonsuit, which it subsequently refused to take off.    Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellants.

*Harry J. Nesbit,* with him *E. E. Autenreith,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 8, 1917:

This is an appeal by the plaintiffs from the refusal of the court below to take off a nonsuit. In justification of the order appealed from, the trial judge filed an opinion in which he briefly and comprehensively states the case as follows: "The action is by a minor, by his father and next friend, and by the father in his own right, against the employer of the minor, for injuries alleged to have been caused by failure of the employer to furnish the employee with a safe place to work. The defendant company is engaged in the business of selling ice cream from wagons in various parts of the City of Pittsburgh. These wagons are constructed with a bed about three and a half

feet deep, which bed is divided into two parts by a passageway 20½ inches wide across the wagon, the bed of the wagon being four feet wide and elevated four feet above the ground. In the front part of the bed were placed vessels containing ice cream, and in the rear a box of broken ice; and the employment of the plaintiff was to stand in this passageway between the two parts of the bed and keep the vessels containing ice cream sufficiently surrounded with ice from the ice in the box in the rear, and, perhaps, to fill buckets with ice to be delivered to customers; and this work was to be done while the wagon proceeded along the street. The plaintiff testifies that when he was employed, which was only a few days before the accident, he thought the wagon looked dangerous, but was assured by the foreman that it was not; and that he thereupon went to work. While the wagon was driving in the usual way along the street, and he was working at shoveling ice from the back to the front, in some way he fell out and his hand was run over by the wheel and injured. We are clearly of opinion that whatever danger there was in the case was perfectly obvious to any one, and that there was no more danger of the plaintiff falling out than there was of the driver falling from his seat, and that whatever risk there was, was assumed by him and that, therefore, he could not recover."

Perhaps the comparison used by the trial judge is not a perfect one; but whether the risks connected with the employment of the minor plaintiff were greater or less than those to which the driver was exposed, is unimportant; for it is clear that, whatever the dangers to be anticipated by the former might be, they were so patent that no two minds could reasonably differ as to their character or extent; furthermore, it is equally clear that they did not present a hazard which an ordinarily prudent person would hesitate to accept. Finally, the risks involved, albeit not as great, were just as obvious as those which a brakeman on a freight train assumes; and,

surely, after accepting such a position, one can not be heard to say, as to the dangers thereof, that he acted on the judgment of his employer rather than his own, so as to fix a liability upon the former which ordinarily the law would not impose.

The only complaint laid in the statement of claim is that the defendant was negligent in putting the minor plaintiff at work on the wagon in question, with its open, unprotected sides, without giving him any instructions as to the dangers of the situation. At the time of the accident, August 5, 1915, the injured lad was over sixteen years of age. All the testimony in the case shows him to have been a strong, athletic young man, well developed both mentally and physically; it also shows that he was capable of earning from $10 to $15 a week, and plainly indicates that he comprehended and fully appreciated the dangers connected with the situation which he assumed. Hence, it may be seen that this is not the case of an employee proceeding with a certain piece of work against his own judgment, because of positive instruction so to do from his employer, nor an instance of a promise by the latter to the former that, if he would so proceed, an existing or possible peril would be lessened or removed; no more is it one where the employer was, in fact, in a better position to judge of the danger than the employee, or where, because of his superior position, the master's judgment in that respect might be assumed by the servant to be better than his own; for, as already stated, the risks connected with the construction of the wagon and the work to be done thereon by the minor plaintiff were as apparent to him as to the defendant, and, such dangers as existed or might be anticipated were perfectly obvious.

There is testimony to the effect that a picture placed in evidence (Exhibit 3), which is not reproduced in the paper books or filed with the record sent to this court, showed a contrivance, asserted by the appellee in its printed argument to be a "sort of sideboard" which might

be "put in" on the sides of the wagon, "at each end of the open spaces," to prevent the falling out of ice.   Since the exhibit was not brought before us, we cannot say whether or not this device would have been a sufficient protection to the injured plaintiff, had he seen fit to use it; but, however that may be, in the absence of this item of proof, the fact must be assumed most strongly against the appellant and in favor of the judgment attacked.   In other words, although the rule is that, on a motion to take off a nonsuit, the proofs in the case must be viewed in the light most favorable to the plaintiff, yet when the latter, as appellant, fails to bring up an item of evidence used in the trial court, which is susceptible of reproduction, the reviewing tribunal must assume that, if the omitted evidence were in the record, it would support the judgment of the court below.   It is but fair to state, however, that the failure to produce the exhibit here in question has had no material influence upon our present decision; for, entirely aside from any significance which might be attached to its absence, the reasons stated by the trial judge, in the excerpt already quoted from his opinion, are ample in themselves to sustain the nonsuit in this case; but, as a matter of practice, we take occasion to call attention to the hazard of omitting material pieces of evidence from the printed record when a case is brought before us for review.

The assignments of error are overruled and the judgment is affirmed.